

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

GARRY MOORE and SEQUIN MOSLEY      PETITIONERS
(on behalf of Monroe Hughes)

VERSUS      CAUSE NO.: 3:24-cv-444-CWR-ASH

RANDY TUCKER      RESPONDENT

## PETITIONERS' MEMORANDUM OF LEGAL ARGUMENTS

COMES NOW, the petitioners and makes this their memorandum of legal arguments in support of their petition for writ of habeas corpus now pending before this Court. Petitioners present the following:

### Jurisdiction

The petition for writ of habeas corpus involves a challenge to the pending criminal charges arising out of incidents in Lauderdale County, Mississippi.

Lauderdale County, Mississippi is within the jurisdiction of this Court.

Federal law says that the writ of habeas corpus shall not extend to a prisoner *unless* he is in custody under or by color of the authority of the United

States or is committed for trial before some court thereof; or he is in custody in violation of the Constitution or laws or treaties of the United States. See Title 28 U.S.C. Section 2241(c)(1), (3) (2023).

Petitioners have complied with Title 28 U.S.C. Section 2242, and filed the proper application for petition for writ of habeas corpus alleging that petitioner Hughes is in custody under or by color of the authority of the United States and is committed for trial before some court thereof; and that petitioner Hughes is in custody in violation of the Constitution or laws or treaties of the United States. See 2241 Petition.

The instant 2241 petition alleges that petitioner Hughes' due process rights are violated where he has to stand trial on an indictment which the government knows is based on perjured testimony, when the perjured testimony is material, and the prosecutor allowed the perjured testimony to go uncorrected. Id., at Ground One. This exact claim is one which would entitle the petitioners to relief. See e.g., United States v. Basurto, 497 F.2d 781, 785-86 (9th Cir. 1974).

In *Basurto*, a grand jury witness testified about the defendants' activities in the conspiracy. *Basurto*, 497 F.2d at 784. Before trial began, the witness informed the prosecutor that "he had committed perjury before the grand jury in important respects," and that "all his grand jury testimony relating to his

knowledge of [defendants'] activities in the conspiracy . . . was untrue." Id. The prosecutor informed opposing counsel but did not notify the court or the grand jury. During his opening statement, the prosecutor made reference to the witness's perjury, but sought to minimize it. The Ninth Circuit held that the defendant's due process rights were violated because he had to "stand trial on an indictment which the government knows is based partially on perjured testimony, when the perjured testimony is material, and when jeopardy has not attached" and the prosecutor "did not take appropriate action to cure the indictment upon discovery of the perjured grand jury testimony." Id. at 785, 787. In addition, the Ninth Circuit held that whenever a prosecutor learns of "any perjury committed before the grand jury, he is under a duty to immediately inform the court and opposing counsel - and, if the perjury may be material, also the grand jury - in order that appropriate action may be taken." Id. at 785-86.

For well over decades, the United States Supreme Court has consistently reinforced the fundamental principle that a conviction obtained through "the presentation of testimony known to be perjured," runs counter to due process and "is as inconsistent with the rudimentary demands of justice as is the obtaining of a like result by intimidation." Mooney v. Holohan, 294 U.S. 103, 112 (1935). Thus, the rule of law is clear that whenever the government

"obtains a conviction through the use of perjured testimony, it violates civilized standards for the trial of guilt or innocence and thereby deprives an accused of liberty without due process of law." Hysler v. Florida, 315 U.S. 411, 413 (1942). Building upon this precedent, the Court in Napue v. Illinois held that when the government knows that a witness for the prosecution has testified falsely, the prosecutor "has the responsibility and duty to correct what he knows to be false and elicit the truth." 360 U.S. 264, 270 (1959).

There is a recent state court decision from Illinois in which the court found that the prosecutor misled the grand jury as to the elements of the offense for which an indictment was sought. The defendant was tried and convicted on the indictment so obtained. On appeal the court vacated the conviction and ordered the indictment dismissed. People v. Reimer, 2012 IL App (1st) 101253.

Therefore petitioners argue that they have stated a claim upon which habeas corpus relief may be granted. Thus, this Court should issue the writ forthwith, require further proceedings and grant an immediate hearing pursuant to Title 28 U.S.C. Section 2243 (2023).

Respectfully submitted, this the 25TH day of July, 2024.

_____
Garry Moore

_____
Sequin Mosley